IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS MARK LINDSEY                                    PLAINTIFF

v.                                     CAUSE NO. 1:08CV637 LG-RHW

THE CITY OF GULFPORT, MISSISSIPPI, ET AL.            DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [58] filed by
the City of Gulfport, Mississippi, Gulfport Police Chief Alan Weatherford, and
Gulfport Police Officers Bryan Watson and Torrey Johnson.  Plaintiff Lindsey,
proceeding *pro se*, has filed a response, and the City has replied.  After due
consideration of the submissions, it is the Court's opinion that the Motion should be
granted and this case dismissed.

FACTS AND PROCEDURAL HISTORY

Lindsey alleged in his complaint that he was arrested by officers Watson and
Johnson for interfering with the duties of a police officer because he "gave [his
friend who had been raped] a hug and told her to stop crying and to tell the officers
what had happened to her." (Compl. 5).  Once arrested and at the Gulfport police
station, he was denied a phone call, and was teased and harassed by several police
officers while waiting to be transported to the Harrison County Adult Detention
Center.  Friends who called asking about him during this time were told he was
already at the HCADC.  When the charge against him came to trial, Lindsey
requested a dismissal.   The municipal judge, Defendant Bill Atchinson, left the

courtroom.  Lindsey alleges that while the judge was absent, Officer Watson threatened to arrest him again.  When Judge Atchison re-entered the courtroom, Lindsey informed him of the threat, but the judge ignored it and gave Lindsey the option of proceeding with trial or having the charge "put to file for 30 days and dismissed with prejudice if [he] stayed out of trouble." (Compl. 6).  Lindsey chose the deferred adjudication option.  Later, when Lindsey was leaving the courthouse, Officer Watson "cornered" him and tried to force Lindsey to accept his apology for threatening him in the courtroom.

The City Defendants filed a motion to dismiss, which was granted in part and denied in part.  (*See* Memo. Op. & Order, June 18, 2010, ECF No. 31).  The Court found that Lindsey pled enough facts to state a plausible claim to relief under § 1983 for violation of the Fourth Amendment against Officers Watson and Johnson, and for failure to train or supervise against Chief Weatherford.  This motion for summary judgment seeks dismissal of these remaining  claims.  The City Defendants argue Lindsey has no viable claim against Officers Watson and Johnson for false arrest under the Fourth Amendment, and without a constitutional violation, there can be supervisory liability on the part of Chief Weatherford.

## Discussion

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro.*

-2-

*Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to the particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The Fourth Amendment ensures that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures, shall not be violated, and no warrants shall issue, but upon probable cause." The Supreme Court has held that when an officer has probable cause to believe a person committed even a minor crime in his presence, an arrest is constitutionally reasonable. *Virginia v. Moore*, 553 U.S. 164, 171 (2008) (citation omitted). Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)). Thus, "[i]f there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails." *Id.*

   a. *The City Defendants' Summary Judgment Motion*

   The City Defendants argue that probable cause existed for arresting Lindsey for the misdemeanor offense of impeding, obstructing and/or interfering with the duties of a police officer. In support, they have submitted their requests for admissions, and an affidavit from each of the two officers.

   Officer Watson states in his affidavit that he and Officer Johnson were separately dispatched to the Motel 6 in Gulfport to respond to an emergency call regarding a rape that had occurred at that location. (Def. Mot. Ex. D, 2, ECF No. 58-4). They were interviewing the victim when Lindsey walked up. (*Id.* at 3). The victim appeared distracted by Lindsey, and "no longer freely answered the questions" asked by the officers. (*Id.*) Because of this, and because Lindsey kept speaking with the victim, both Watson and Johnson ordered Lindsey to leave the

scene and refrain from speaking to the victim while they were conducting their investigation. (*Id*.)  Lindsey refused.  He was therefore arrested for impeding and obstructing the officers as they attempted to investigate the rape.  (*Id*. at 4).  Officer Johnson's affidavit is almost identical.  (Def. Mot. Ex. E, ECF No. 58-5).

Lindsey has submitted no contradictory evidence.  His response refers the Court to the allegations of his Complaint.

The City of Gulfport has enacted an Ordinance making it "unlawful for any person, by threat or otherwise, to attempt to [ ] impede, obstruct, or resist any officer of the city in the discharge of his duty."  (Def. Mot. Ex. B, 2, ECF No. 58-2).  The uncontroverted evidence shows that Officers Watson and Johnson had probable cause to arrest Lindsey for violation of this Ordinance.  Accordingly, there is no question of material fact for the jury in regard to whether Lindsey's Fourth Amendment rights were violated.  Officers Watson and Johnson are entitled to summary judgment.

Because Lindsey is unable to show the violation of a constitutional right, he is also unable to establish any liability on the part of the City of Gulfport.  To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Lindsey provided no evidence of an official municipal policy regarding misconduct or corruption of officers.  But even if Officer Walker and Johnson's actions were in compliance with an official policy of the City of Gulfport, those actions did not violate a federally

protected right.

Similarly, even if Lindsey had provided evidence that the City and/or Chief Weatherford had a policy of inadequately training and supervising police officers, that policy did not result in violation of a federally protected right. Accordingly, Lindsey's Section 1983 claims against the City of Gulfport and Chief Weatherford fail, and they are entitled to summary judgment. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425-26 (5th Cir. 2006).

   b. *The Unserved Defendants*

Two named defendants remain in this case, Municipal Judge Bill Atchinson, and James Bailey Halliday. It does not appear that either Atchinson or Halliday has ever been served with process. *(See* Return, ECF No. 9; U.S. Marshal's Return, ECF No. 35). The Court has granted three extensions of time for service of process during the three-year pendency of this case. It would be futile to allow Plaintiff additional time to serve these two defendants. His claims against them will be dismissed without prejudice.

   **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [58] filed by the City of Gulfport, Mississippi, Gulfport Police Chief Alan Weatherford, and Gulfport Police Officers Bryan Watson and Torrey Johnson, is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

   **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's claims against Defendants Bill Atchinson and James Bailey Halliday are **DISMISSED**

**WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2012.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE